By the Court:

Barbour, C.J.
Without expressing an opinion as to whether the facts proven upon the trial would or not have been sufficient to constitute a cause of action against the defendant, upon his promise in writing to the plaintiffs themselves to accept, and, therefore, to pay the bills in question, if all thbse facts had been set forth in the complaint (see 12 Wend. R., 598; 12 id., 513), it is enough to say that the plaintiffs have seen fit to set up, as a substantive cause of action, the ultimate fact, or conclusion of law, that the defendant accepted the bills; and, therefore, the main question for us to consider is, whether the letter written to the plaintiffs by the defendant constituted and was that act technically known in the law as an acceptance.
The letter, it will be observed, was written and delivered to the plaintiffs in Virginia, where, also, they received the bills of exchange. If the letter is to be considered as an acceptance of the bills to be drawn in accordance with its provisions, the acceptance of the bills in question was, therefore, completed in Virginia the moment they were delivered to the plaintiffs there.
The case does not show whether the bills were payable generally or in Kew York. Assuming, however, as perhaps we may, from the omission in the complaint to state where they were to be paid, that the bills were upon their face payable generally, and not at any particular place, the contract of acceptance must be governed by the law of Virginia, where such contract was made, unless it appears that it was the intention of the parties that the bills were to be presented and paid in Yew York (Story on Bills, §§ 146, 158 ; Story’s Conflict of laws, § 272; *674 Sprowle v. Legge, 1 B. & Cressw., 16; Dow v. Lippman, 5 Cl. & Fin., 1).
But an acceptance is a contract to pay; and, where such contract is, either expressly or tacitly, to pay the bill which is accepted in any certain place, the general rule is that the contract, as to its validity, nature, and obligation, must be governed by the law of the place of performance (Story on Bills, § 147; Story on Conflict of Laws, § 280).
The letter which is relied upon as the acceptance of the bills declared and informed the plaintiffs, not only that the writer resided in Hew York, but that he was to remain there in the prosecution of the joint business of Kingsland and himself, and that bills of lading were to be sent to him, with the drafts. Upon the face of the contract, therefore, enough appeared to show that the parties must have contemplated and intended that the bills were to be presented and paid in Hew York; and it follows that the law of that place must govern in regard to the validity and legal effect of the letter as an acceptance of the bills which are the subject of this action.
The statute of this State upon the subject declares that “ an unconditional promise, in' writing, to accept a bill before it is drawn, shall be deemed an actual acceptance in favor of every person who, upon the faith thereof, shall have received the bill for a valuable consideration” (1 R. S., 768, § 8); and such statute has been held, in several cases, to be restrictive in its effect (Ulster Co. Bank v. McFarland, 3 Denio, 553; S. C., 5 Hill, 432; Lowrey v. Stewart, 3 Bosw., 505; Ontario Bank v. Worthington, 12 Wend., 593; Parker v. Grele, 2 id., 548; S. C., 5 id., 414; Bk. of Michigan v. Ely, 17 id., 508).
The question, then, is whether the promise to accept which is contained in the letter is unconditional. For if it was conditional, the fact that the conditions were performed was wholly unimportant (N. Y. and Virg. St. Bk. v. Gibson, 5 Duer, 574). It certainly is not a mere naked promise to accept drafts for a ■definite .amount, nor of a certain description, nor even all drafts .drawn upon the writer by Kingsland. But it appears to me to *675 be a promise on the part of the defendant to accept drafts drawn upon him by Kingsland, provided the same shall have been given by the latter as and for the purchase price of oysters and other produce in season, or to raise money for such purchase, and also upon the further condition that the contemplated drafts, when presented, shall be accompanied with bills of lading of the oysters or produce purchased by means of the drafts; and that it is not an undertaking to pay any draft unless the same is accompanied with a bill of lading of the property purchased, nor unless such draft has been given for the first cost of oysters or produce. Indeed, the intention of the defendant to accept such bills only as Kingsland should draw upon him for the purchases in which they were jointly engaged, is so plainly expressed in his letter to the plaintiffs, that they could hardly have supposed that a bill, known by them to have been drawn for purposes other than those so mentioned, was intended by the defendant to be covered by the promise. In the other respect, the case of The N. Y. and Virg. Stock Bk. v. Gibson (5 Duer, 574) is very similar to this. The action there was based upon a letter alleged to have been written by the defendants, in which they stated that they would accept the drafts of a party to the extent of $20,000, upon his remitting to them, in currency, or bills of lading for hogs, the amount for which he drew; and the plaintiff claimed that such promise was an acceptance. But this court, at General Term, held that the promise was not unconditional, but was subject to the condition precedent of a timely remittance of bills of lading or currency, and, therefore, that such promise was not an acceptance (see further, as to conditional promises to accept, Mason v. Hunt, Doug. R., 296; McKim v. Smith, 1 Hall’s L. J., 485; Payson v. Coolidge, 2 Gall., 233; S. C., 2 Wheat., 66 and n. 75; Schimmelpennick v. Bayard, 1 Peters, 283; Mayhew v. Prince, 11 Mass. R., 54; and cases above cited).
The promise contained in the defendant’s letter, therefore, was not an unconditional one, so as to make it an acceptance of the bills in question; and for that reason, and because the plaintiffs had wholly failed to prove the acceptance of such bills by the *676 defendant, when he closed his proofs, the motion to dismiss the complaint ought to have been granted.
The verdict should be set aside, and a judgment entered for the defendant, dismissing the complaint, with the costs of the action.